UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal Case No. |
| v. | : | |
| | : | **VIOLATIONS:** |
| **SHANTEL BROWN,** | : | 18 U.S.C. § 1349 (Conspiracy to |
| | : | Commit Wire Fraud) |
| **Defendant.** | : | |
| | : | 18 U.S.C. § 1343 (Wire Fraud) |
| | : | |
| | : | Forfeiture: 18 U.S.C. § 981(a)(1)(C), |
| | : | 28 U.S.C. § 2461(c), 21 U.S.C. § 853(p) |
| | : | |

## INFORMATION

The United States Attorney charges that:

### COUNT ONE
(Conspiracy to Commit Wire Fraud)

### INTRODUCTION

At all times relevant to this Information:

1. The defendant **SHANTEL BROWN** ("**BROWN**") was a resident of Waldorf, Maryland.

2. Company A was a major university located in Washington, D.C.

3. Employee A was employed as an Accountant II for Company A.

### The Conspiracy and Its Object

4. From in or about December, 2010, through in or about May, 2011, in the District of Columbia and elsewhere, defendant **BROWN** and others unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed with one another and with others to commit wire

1

fraud, that is, to knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing they were false and fraudulent when made, for the purpose of executing such scheme and artifice and attempting so to do, did cause to be sent and delivered interstate wire communications, in violation of Title 18, United States Code, Section 1343.

## Goal of the Conspiracy

5. The goal of the conspiracy was for defendant **BROWN** and Employee A to obtain money by engaging in a conspiracy and a scheme to defraud in which defendant **BROWN** and Employee A provided false information to induce Company A to make electronic transfers of funds to defendant **BROWN'S** bank account and for defendant **BROWN** to withdraw approximately half of the funds received from Company A and either provide cash to Employee A or make direct deposits into Employee A's bank account.

## Manner and Means of the Conspiracy

6. Defendant **BROWN** and Employee A used the following manner and means, among others, to accomplish the objects and goals of the conspiracy:

   a. Employee A listed defendant **BROWN** as a vendor on Company A's Automated Clearing House authorization ("ACH") form, along with a routing number and an account number for defendant's **BROWN'S** bank account.

   b. On or about December 28, 2010, Employee A submitted an ACH authorization form listing defendant **BROWN** as a vendor of Company A, thereby causing $7,485 to be transferred from Company A's account to defendant **BROWN'S** bank account. Defendant

2

**BROWN** then gave a portion of the funds she had obtained from Company A to Employee A.

c. From on or about January 7, 2011, to on or about May 25, 2011, Employee A prepared and submitted eleven ACH authorization forms listing the names of Company A's vendors but listing the banking information for defendant **BROWN**, thereby causing a total of $88,913 to be transferred from Company A to defendant **BROWN'S** bank account. Defendant **BROWN** withdrew approximately half of the funds received from Company A and either provided cash to Employee A or made direct deposits into Employee A's bank account.

### Overt Acts

7. Within the District of Columbia and elsewhere, in furtherance of the above described conspiracy and in order to carry out the objectives thereof, defendant **BROWN** and others committed the following overt acts, among others:

a. In or about December 2010, defendant **BROWN** gave a bank routing number and account number to Employee A, who worked as an Accountant II for Company A.

b. On or about December 28, 2010, Employee A listed defendant **BROWN** as a vendor on Company A's ACH authorization form and listed defendant **BROWN'S** bank information. On or about December 30, 2010, Employee A submitted this ACH form, causing $7,485 to be transferred by wire from Company A's account to defendant **BROWN'S** account.

c. On or about January 7, 2011, and continuing until on or about May 25, 2011, Employee A prepared and submitted eleven ACH authorization forms listing the names of vendors of Company A. However, Employee A listed defendant **BROWN'S** bank information

3

on these forms, causing a total of $88,913 to be transferred by wire from Company A's account to defendant **BROWN'S** bank account.

        d.    Defendant **BROWN** transferred approximately half of the fund received from Company A to Employee A by making deposits directly into Employee A's bank account and provided Employee A with cash.

**(Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Sections 1349 and 1343)**

## COUNT TWO
### (Wire Fraud)

Paragraphs 1 through 3 of the Introduction are hereby incorporated as if fully set forth here.

1.    Company B was a major national conservation organization dedicated to conserving wildlife, and protecting natural habitats.

2.    Defendant **BROWN** was hired by Company B on or about April 22, 2010, as a Payroll/Compliance Specialist and defendant **BROWN'S** employment was to commence on April 26, 2010. Defendant **BROWN'S** responsibilities as the Payroll/Compliance Specialist included, but were not limited to, collecting all employee timesheets via an electronic time and attendance system, processing and transmitting all payroll data to a third party payroll processor for processing of scheduled payrolls, confirming correct calculations of payroll were performed by a third party payroll processor, and performing monthly reconciliation of payroll account and payroll related liability accounts. Defendant **BROWN** in April 2013 went on extended leave and defendant **BROWN'S** employment was terminated on or about August 2013.

4

## THE SCHEME

3.  Beginning on or about May 14, 2010, and continuing until on or about March 15, 2013, defendant **BROWN** devised and intended to devise a scheme to defraud Company B, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, in the approximate amount of $79,874.

## MANNER AND MEANS

4.  It was part of the scheme to defraud that defendant **BROWN** would obtain by fraud approximately $79,874 from Company B. Defendant **BROWN** used the following manner and means to execute the scheme to defraud Company B. The employees of Company B were paid through a third-party payroll system. Defendant **BROWN** as the Payroll Compliance Specialist was responsible for preparing the final timesheet and payroll data for employees who were terminating their employment with Company B. After these employees were no longer employed with Company B, defendant **BROWN** continued to consider them as employees for a short period of time and changed the employee's bank account information to defendant **BROWN'S** bank account, and thereby caused the salary of these employees to be deposited into defendant **BROWN'S** bank account.

## EXECUTION OF THE SCHEME

5.  It was part of the scheme and artifice to defraud that defendant **BROWN** caused a total of $79,874 in money belonging to Company A to be transmitted in interstate commerce by means of wire communication from Company B's bank account to her own bank account for her own personal expenses.

**(Wire Fraud, in violation of Title 18, United States Code, Section 1343)**

## FORFEITURE ALLEGATION

1. Upon conviction of any of the offenses alleged in Counts One and Two of the Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $128,072.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

Respectfully submitted,
CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

By: _____
Teresa A. Howie
Assistant United States Attorney
555 4th Street, NW, Rm. 5824
Washington, D.C. 20530
(202) 252-6965
teresa.howie@usdoj.gov